Ebeeman, J.,
delivered the opinion of the Court.
Plaintiff as adminstrator of Joseph H. Partee, sued the defendant on a note of $1,000, with a credit of $156.52. Defendant pleaded by way of set-off, that plaintiff’s intestate was indebted to him by note dated in October, 1857, executed by Eliz. Hassell to one Hudson, and due at the date given, which note was transferred and delivered by said Hudson to Joseph H. Partee, the intestate, and about 1860 transferred by said Partee to the defendant Grigsby, with waiver of demand and notice. An affidavit of the loss of the note was shown in lieu of the lost note. Defendant asked judgment for the balance due him after allowing the plaintiff’s demand.
Plaintiff replied that said plea was not true; that his intestate was not indebted to the defendant as he had alleged in his plea, nor in any amount whatever.
On this issue the parties went to trial. The jury rendered a verdict, finding for the defendant upon the plea of set-off, and that the plaintiff does owe the defendant the sum of $832.37; upon which the Court rendered judgment for defendant for the sum. found by the jury, although no judgment was taken in favor of the plaintiff, nor was there any finding on his claim whatever.
This was erroneous. “ The right of set-off is in cident to and dependent upon the fact of the plain *629 tiff’s having ■ established a right of recovery against the defendant; and if he fails, the right of set-off can not exist.” 3 Head, 572.
This was so held under the act of 1852, and the same principle is carried into the Code, s. 2922, which is: “If the debt or demand so offered to be set off exceed the amount of plaintiff’s demand,' such excess being found by the jury, judgment shall be rendered against plaintiff in favor of defendant for suoh excess, and all costs.”
As no demand is found against the defendant in favor of plaintiff, no right to a judgment for the excess of the set-off is shown, no excess being found.
The affidavit was of no validity whatever. It was made before a Justice of the Peace. It was a merely voluntary affidavit, the Justice having by law no jurisdiction to administer the oath. It should have been made before the Clerk of the Court, or before the Court, wheie the suit was commenced, or was pending.
Reverse the judgment, and remand for a new trial.