## MEYER, WEIS & Co. *v.* GATEUS.

*(Circuit Court, W. D. Tennessee.* ———, 1880.)

1. PRACTICE — SET-OFF — EFFECT OF DISMISSAL BY THE PLAINTIFF.—
Where the defendant has filed a plea of set-off, if the plaintiff volun-
tarily dismisses his suit, as he may under the Tennessee statute, the
defendant may elect to proceed on his plea of set-off in the capacity
of plaintiff, and the cause will be tried as if he had brought an inde-
pendent suit on his counter claim.

*George Gillham,* for defendant.
*L. Lehman,* for plaintiffs.

HAMMOND, D. J. At a former day of this term the plain-
tiffs dismissed their suit, and now the defendant, who had
filed a plea of set-off, moves to re-instate the case upon the
trial docket for the purpose of trying the issues made upon
his plea of set-off. The Tennessee Code, in the chapter reg-
ulating the trial and its incidents, provides that "the plaintiff
may, at any time before the jury retires, take a nonsuit, or
dismiss his action, as to any one or more defendants; but, if
the defendant has pleaded a set-off or counter claim, he may
elect to proceed on such counter claim in the capacity of a
plaintiff." T. & S. Code, 2964. The chapter on pleadings in
civil actions, in the article on the plea of set-off, had provided
that "if the debt or demand so offered to be set off exceed
the amount of the plaintiff's demand, such excess being found
by the jury, judgment shall be rendered against the plaintiff
in favor of the defendant for such excess, and all costs." T.
& S. Code, 2922.

In construing this latter section the supreme court of Ten-
nessee has repeatedly determined that if the plaintiff fails in
his action to establish his claim, so that the judgment is that
the defendant owes the plaintiff nothing, the defendant can
recover nothing on his set-off, because he is allowed a judg-
ment for the *excess* only. And it has been held that the pro-
visions of section 2964, above quoted, have not changed this
rule of decision. Whether this be the correct construction of
the statute or not, it is too well settled to be now disturbed by

further judicial construction. The legislature has changed the rule, in actions before a justice of the peace, by amending section 4160 of the Code, and now, in those actions, "if the plaintiff fails in establishing any demands against the defendant," the defendant is nevertheless entitled to have judgment for whatever is due him on his cross-action. Acts 1879, c. 222, p. 265.

This act does not, however, apply to any suits except those commenced before a justice of the peace, and has not changed the rule under section 2922 of the Code. Why this distinction has been made we cannot tell, but in tracing these sections to their originals it will be seen that suits before justices of the peace have always been more favored than others in this matter of the defendant's rights under his plea of set-off, and it is plain this act has followed that distinction. The law, therefore, remains, in regard to this suit, as it stood prior to the act of 1879; so that, if the parties *go to trial* and the plaintiff fails in his action, the defendant can recover nothing on his set-off. *Henry* v. *Walker*, 11 Heisk. 194; *Baker* v. *Grigsby*, 7 Heisk. 627; *Railroad* v. *Galbraith*, 1 Heisk. 482; *Brazelton* v. *Railroad*, 3 Head, 570; *Edington* v. *Pickle*, 1 Sneed, 122; *Barnard* v. *Young*, 5 Humph. 100.

But in all these cases there was a trial before the jury or the justice, and it was held, under such circumstances, that the defendant cannot recover on his set-off if the plaintiff fails in his action; and in none of them did the plaintiff voluntarily dismiss his suit. Where he does this the rule is different, because, by the very terms of the statute, if the plaintiff dismisses his suit before the jury retires the defendant may elect to proceed on his set-off in the capacity of plaintiff. It is precisely this case to which the statute applies, and the decisions above referred to do not affect the question. It was held in *Riley* v. *Carter*, 3 Humph. 230, that after plea of set-off filed the plaintiff could not dismiss his suit at all; but the Code, § 2964, has changed this, and he may now do so, but with an express provision that if he does the defendant may proceed on his set-off. There is no difficulty in our practice in doing this, for the plea of set-off is in the nature

of a declaration on the counter claim. T. & S. Code, §§ 2918, 2932, 2940; *Ridley* v. *Buchanan*, 2 Swan, 555, 558.

The case should, therefore, be re-instated on the trial docket, and proceed on the plea of set-off as if the defendant were the plaintiff; but the order dismissing the plaintiff's action should stand as it is, the suit of the plaintiff having been dismissed by himself, as he had a right to do under the statute.

Motion granted.